BARRY E. HINKLE, Bar No. 071223
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
KRISTINA M. ZINNEN, Bar No. 245346
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA  94501-1091
Telephone (510) 337-1001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> v. <br><br> CHESTER L. NEAL, Individually and doing business as C.L. NEAL CONSTRUCTION, <br><br> Defendant. | No.  C 07-04784 EMC <br><br> **PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER** <br><br> Date:   February 20, 2008 <br> Time:   1:30 p.m. <br> Judge:  Honorable Edward M. Chen <br> Courtroom:    C, 15th Floor |

Plaintiffs THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA (hereinafter "Plaintiffs") submit

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
(510) 337-1001

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
Case No. C 07-04784 EMC
115107/483822

this separate Case Management Conference Statement pursuant to Civil Local Rule 16-9 since Defendant CHESTER L. NEAL, Individually and doing business as C.L. NEAL CONSTRUCTION (hereinafter "Defendant") has failed to appear or otherwise respond to Plaintiffs' Complaint.

### 1. Jurisdiction and Service

This action arises under and is brought pursuant to Section 502 of the Employee Retirement Income Security Act, as amended (ERISA), 29 U.S.C §1132, and section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Venue properly lies in this district court since contributions are due and payable in the County of San Francisco. Therefore, intra-district venue is proper. Plaintiffs filed their complaint on September 17, 2007, and served Defendant via substituted service on December 26, 2007 pursuant to Federal Rule of Civil Procedure 4. The Complaint was mailed to Defendant on January 9, 2008, service was deemed complete under California Code of Civil Procedure section 415.20(b) on January 19, 2008, and proofs of service were filed before this Court with the Summons on January 16, 2008. All parties have been served in this case and no issues exist regarding personal jurisdiction and/or venue.

### 2. Facts

At all times material herein, Plaintiffs were Trustees the above-named Trust Funds, each of which was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the LMRA, 29 U.S.C. § 186, and a multiemployer employee benefit plan within the meaning of sections 3, 4, and 502 of ERISA, 29 U.S.C. §§ 1002, 1003, and 1132. Defendant has been an employer within the meaning of section 3(5) and section 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145, and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.

At all relevant times, Defendant was signatory and bound to a written collective bargaining agreement with the Northern California District Council of Laborers (hereinafter "Union"), a labor

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
Case No. C 07-04784 EMC                - 2 -
115107/483822

organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. Defendant became subject to all the terms and conditions of the Laborers Master Agreement (hereinafter "Master Agreement") by virtue of signing a Memorandum of Agreement (hereinafter "Memorandum Agreement") with the Union, which incorporated by reference the Master Agreement. The Master Agreement by its terms incorporates the various Trust Agreements establishing each of the Plaintiff Trust Funds. By signing the Master Agreement, Defendant promised that it would contribute and pay to Plaintiffs the hourly amounts required by said Agreements for each hour paid for or worked by any of their employees who performed any work covered by said Agreements, and that they would be subject to and bound by all of the terms, provisions and conditions of the Trust Agreements as incorporated by the terms of the Master Agreement.

The above-mentioned Agreements provide for prompt payment of all employer contributions to the various Trust Funds and provide for the payment of interest on all delinquent contributions, attorneys' fees, and other collection costs, and for the audit of the signatory employer's books and records in order to permit the Plaintiffs to ascertain whether all fringe benefit contributions have been timely paid as the applicable labor agreements and law require.

The Board of Trustees has, as one of its purposes, the obligation to ensure that contributions required to be made to the Trust Funds pursuant to collective bargaining agreements are fully and correctly made. The purposes of the respective Trust Funds are to provide health and welfare, vacation, pension and other benefits for Laborers on whose behalf contributions are made, and whose benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreements comply with the terms of those agreements with respect to payments of contributions to the Trust Funds. The Trust Funds maintain their office in the County of San Francisco, and all such contributions are required to be made in County of San Francisco.

By its terms, the Master Agreement binds Defendant to the Trust Agreements establishing each of the Trust Funds. Plaintiffs cannot determine whether Defendant has made prompt and

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
Case No. C 07-04784 EMC                - 3 -
115107/483822

correct payment of all fringe benefit contributions, and as a consequence, Plaintiffs have, with good cause, demanded that Defendant submit to an audit pursuant to the respective collective bargaining agreements and Trust Agreements.

Defendant has failed, refused or neglected to allow the audit as requested or inspection of their books, records, papers, or reports in accordance with the provisions of the Trust Agreements. As a result of Defendant's refusal to submit to the audit, Plaintiffs are unable to ascertain the amount of damages, if any, the Defendant has caused the Trust Funds. Plaintiffs have no adequate remedy at law. Furthermore, the individual Laborers who are the beneficiaries of the respective Trust Funds, particularly the Defendant's employees, are damaged thereby and also have no adequate remedy at law. Plaintiffs are intended third party beneficiaries of the collective bargaining agreement, but Trust Fund contribution delinquencies are excluded from the arbitration provision of the agreement.

Pursuant to the written agreements establishing the Laborers Trust Funds, Defendant has failed, neglected, or refused to allow Plaintiffs access to the records requested and needed to determine the exact amount of fringe benefit contributions owed to the Trust Funds, failed, neglected, and refused to allow a full and complete audit to the Trust Funds as required by the applicable collective bargaining agreement and Trust Agreements, and failed, neglected, or refused to make timely fringe benefit contributions as required by the applicable collective bargaining agreements and Trust Agreements, and has caused Plaintiffs actual damages to be proven at the time of trial.

Defendant, in agreeing to the terms and conditions of the aforementioned Trust Agreements, assumed a fiduciary duty to Plaintiffs, which required Defendant to submit timely and accurate reports of hours worked or amounts due, together with payments to the Trust Funds. Defendant exercised control over any contributions due, which are assets of the Trust Funds, and Defendant was a fiduciary as defined by ERISA section 3(21), 29 U.S.C. § 1002(21).

Unless this Court enjoins Defendant, the Defendant will continue to fail, neglect, or refuse

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
Case No. C 07-04784 EMC                 - 4 -
115107/483822

to remit appropriate fringe benefit contributions to the Trust Funds and to submit to an audit of books and records by the Trust Funds, and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

Plaintiffs are unaware of any factual issues in dispute.

### 3. Legal Issues

Plaintiffs are unaware of any legal issues in dispute.

### 4. Motions

Plaintiffs filed a Request for Entry of Default on February 12, 2008.  If default is entered against Defendant, Plaintiffs anticipate filing a Motion for Default Judgment.  Otherwise, Plaintiffs anticipate filing a Motion for Summary Judgment.

### 5. Amendment of Pleadings

At this time, Plaintiffs do not anticipate any amendment to the pleadings.

### 6. Evidence Preservation

At this time, Plaintiffs are unaware of any electronic documents that may need to be preserved.  However, if any documents are discovered which would require preservation, Plaintiffs agree to take appropriate measures to preserve evidence at that time.

### 7. Disclosures

Because Defendant has not appeared or otherwise responded to Plaintiffs' complaint, Plaintiffs have not made initial disclosures to Defendant.  To date, Defendant has not made initial disclosures to Plaintiffs.

### 8. Discovery

Plaintiffs have not yet taken any discovery.  Plaintiffs do not anticipate proposing any discovery limits different from those provided in the Federal Rules of Civil Procedure.

### 9. Class Actions

The case is not a class action.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
(510) 337-1001

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
Case No. C 07-04784 EMC                - 5 -
115107/483822

**10. <u>Related Cases</u>**

Plaintiffs are unaware of any related cases.

**11. <u>Relief</u>**

Plaintiffs seek an order compelling Defendant to forthwith submit to a full audit by auditors the Trust Funds will select, at the premises of Defendant during business hours, at a reasonable time or times, and to allow the auditors to examine and copy such books, records, papers, and reports of Defendant relevant to the enforcement of the collective bargaining agreement or the Trust Agreements, including but not limited to the following:

> Individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120 - 1040 or partnership tax returns; general ledger - (portion relating to payroll audit);

Plaintiffs also seek in said order that Defendant be ordered to pay actual damages according to proof; that this Court issue an injunction compelling Defendant to forthwith cease its refusal to submit to an audit of its books, records, papers, and reports as the agreements to which they are bound require; that upon completion of the audit, Defendant be decreed to pay over to Plaintiffs such sums as shall be ascertained to be due from Defendant and interest on those sums; that this Court issue an Order directing and permanently enjoining Defendant to timely submit to Plaintiff Trust Funds all reports and contributions due and owing by Defendant, plus interest, attorneys' fees, and costs as provided in ERISA sections 502(a)(3), (g)(2), 29 U.S.C. § 1132(a)(3), (g)(2); that this Court issue an Order permanently enjoining Defendant for so long as it remains obligated to contribute to Plaintiffs Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as the terms of the collective bargaining agreement, Trust Agreements, and ERISA sections 502(a)(3), (g)(2), 29 U.S.C. § 1132(a)(3), (g)(2) require; that Defendant be ordered to pay attorneys' fees and the costs of suit herein; that this Court grant such further relief as the Court deems just and proper; and that this Court retain jurisdiction of this

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
Case No. C 07-04784 EMC                 - 6 -
115107/483822

matter to enforce the Order compelling an audit and payment of all amounts found due and owing.

**12. Settlement and ADR**

Because Defendant has not appeared or otherwise responded to Plaintiffs' complaint, Plaintiffs are not willing to participate in early neutral evaluation, mediation, or an early settlement conference and have not filed their ADR Certification.

**13. Consent to Magistrate Judge For All Purposes**

Plaintiffs filed their Consent to Proceed Before a United States Magistrate Judge on December 21, 2007.

**14. Other References**

Plaintiffs are not willing to refer this case for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

Plaintiffs feel that the issues currently pending before the Court have been narrowed sufficiently to expedite the presentation of evidence at trial.

**16. Expedited Schedule**

Plaintiffs are not willing to handle this case on an expedited basis.

**17. Scheduling**

Plaintiffs ask that all deadlines be set in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

**18. Trial**

If a trial becomes necessary, Plaintiffs request a non-jury trial and expect the trial to last no more than 3 days.

**19. Disclosure of Non-party Interested Entities or Persons**

Certification of Interested Entities or Persons: Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, Plaintiffs have no such

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
Case No. C 07-04784 EMC                - 7 -
115107/483822

1 | interest to report.

**20. Service List of Counsel for Plaintiffs**

BARRY E. HINKLE, Bar No. 071223
CONCEPCIÓN LOZANO-BATISTA, Bar No. 227227
KRISTINA ZINNEN, Bar No. 245346
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone:  (510) 337-1001
Fax:  (510) 337-1023


Dated: February 12, 2008

        WEINBERG, ROGER & ROSENFELD
        A Professional Corporation


        By: _____/s/_____
            KRISTINA M. ZINNEN
            Attorneys for Plaintiff

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
Case No. C 07-04784 EMC     - 8 -
115107/483822

## **CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order. In addition the Court orders:

Dated:_____

_____
JUDGE EDWARD M. CHEN
JUDGE OF THE DISTRICT COURT

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
Case No. C 07-04784 EMC                - 9 -
115107/483822

# PROOF OF SERVICE

1. I am a citizen of the United States, and a resident of the State of California. I am over the age of eighteen years, and not a party to the within action. My business address is 1001 Marina Village Parkway, Suite 200, Alameda, California 94501-1091. On February 12, 2008, I served upon the following parties in this action:

> Chester L. Neal, Individually and dba
> C.L. Neal Construction
> 4429 E. Grant
> Fresno, CA  93702

> PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER

**[X]** **BY MAIL**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Alameda, California. I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

**[ ]** **BY PERSONAL SERVICE**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused the same to be delivered by hand to the offices of each addressee.

**[ ]** **BY OVERNIGHT DELIVERY SERVICE**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and placed the same for collection by Overnight Delivery Service by following the ordinary business practices of Weinberg, Roger & Rosenfeld, Alameda, California.  I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of Overnight Delivery Service correspondence, said practice being that in the ordinary course of business, Overnight Delivery Service correspondence is deposited at the Overnight Delivery Service offices for next day delivery the same day as Overnight Delivery Service correspondence is placed for collection.

**[ ]** **BY FACSIMILE**  I caused to be transmitted each document listed herein via the fax number(s) listed above or on the attached service list.

I certify that the above is true and correct. Executed at Alameda, California, on February 12, 2008.

                                      /s/
                                      Jilala H. Foley

115107/479151

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
(510) 337-1001

PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
Case No. C 07-04784 EMC          - 10 -
115107/483822