BARRY E. HINKLE, Bar No. 071223
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
KRISTINA M. ZINNEN, Bar No. 245346
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
Telephone (510) 337-1001

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,

Plaintiffs,

v.

CHESTER L. NEAL, Individually and doing business as C.L. NEAL CONSTRUCTION,

Defendant.

No. C 07-04784 EMC

**DECLARATION OF JOHN HAGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Date: August 20, 2008
Time: 10:30 a.m.
Judge: Honorable Edward M. Chen
Courtroom: C, 15th Floor

I, JOHN HAGAN, hereby declare as follows:

1.  I am the Accounts Receivable Manager for the Laborers Funds Administrative Office of Northern California, Inc., which administers the Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California (hereinafter "Trust Funds" or "Plaintiffs"), Plaintiffs in the above-captioned

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

DECLARATION OF JOHN HAGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC
115107/489471

matter. My business address is Laborers Funds Administrative Office, 220 Campus Lane, Fairfield, CA 94534-1499, and my business telephone number is (707) 864-2800. I have worked in the Accounts Receivable department since 1988, and have held the position of Accounts Receivable Manager since May 2002. In the course of my duties as Accounts Receivable Manager, I became familiar with the account of Chester L. Neal, individually and doing business as C. L. Neal Construction (hereinafter "Defendant"), the Defendant in this proceeding. I therefore make this declaration upon my personal knowledge, and, if called as a witness, I could competently testify to the facts hereinafter stated.

2. As Accounts Receivable Manager, I oversee payment of employer contributions, pursuant to collective bargaining agreements and trust agreements, and institute negotiations and collection actions on delinquent accounts. I am also responsible for the collection of fringe benefit contributions owed based upon an employer audit.

3. At all times material herein, Plaintiffs were Trustees of the Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California (hereinafter "Trust Funds"). Each of the above-named Trust Funds was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. § 186, and a multiemployer employee benefit plan within the meaning of sections 3, 4, and 502 of ERISA, 29 U.S.C. §§ 1002, 1003, and 1132. The Board of Trustees administers each of the above-named Plaintiff Trust Funds, and may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements.

4. The Trust Funds maintain an account for the Defendant. I am familiar with this file. The Trust Funds' records show that at all relevant times, Defendant was signatory and bound to a written collective bargaining agreement with the Northern California District Council of Laborers (hereinafter "Union"), a labor organization within the meaning of section 301 of the LMRA, 29

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

DECLARATION OF JOHN HAGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC    - 2 -
115107/489471

U.S.C. § 185. Defendant became subject to all the terms and conditions of the Laborers Master Agreement (hereinafter "Master Agreement") by virtue of signing a Memorandum of Agreement (hereinafter "Memorandum Agreement") with the Union, which incorporated by reference the Master Agreement. My office retains copies of these agreements as part of the normal course of business. True and correct copy of the relevant sections of the Laborers Master Agreement for 2002-2006 and 2006-2010 are attached hereto as Exhibit A and Exhibit B, respectively, and are incorporated by reference herein. A true and correct copy of the Memorandum Agreement signed on April 24, 2002 is attached hereto as Exhibit C and incorporated by reference herein.

5. By its terms, the Master Agreement binds Defendant to the Trust Agreements establishing each of the Plaintiff Trust Funds. As part of the normal course of business, my office maintains copies of all trust agreements and related documents. I am familiar with these trust agreements. True and correct copies of the relevant sections of these Trust Agreements are attached hereto as Exhibit D and are incorporated by reference herein.

6. Defendant is a sole proprietorship. I know this because Defendant is listed with the California Contractors State License Board as a "Sole Ownership" and assigned contractor license number 804727. The California Contractors State License Board record for Defendant, which I reviewed on the California Contractors State License Board's website at http://www.cslb.ca.gov, a is attached hereto as Exhibit E and incorporated by reference herein.

7. By signing the Master Agreement and Memorandum Agreement, Defendant agreed to the terms and conditions of these agreements and the Trust Agreements. Defendant specifically promised to contribute and pay to the Trust Funds the hourly amounts required by the collective bargaining agreements for each hour paid for and/or worked by any of its employees who performed any work covered by said agreements. See, Master Agreement, Ex. A and Ex. B at §§ 28A, 1.B.

8. The Board of Trustees has, as one of its purposes, the obligation to ensure that contributions required to be made to the Trust Funds pursuant to the Master Agreement are fully

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

DECLARATION OF JOHN HAGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC        - 3 -
115107/489471

and correctly made. The purposes of the respective Trust Funds are to provide health and welfare, vacation, pension and other benefits for Laborers on whose behalf contributions are made, and whose benefits are supported by such contributions, and to ensure that employers who are signatories to the Master Agreement comply with the terms of those agreements with respect to payments of contributions to the Trust Funds.

9. The Trust Funds rely on employers' self-reporting and conduct audits to ensure the employers' compliance with their contributing obligations. Performing audits is one way the Trust Funds may determine if the employer is making full and prompt payment of required contributions pursuant to the Master Agreement and Trust Agreements.

10. Section 7 of the Master Agreement provides that "Each Individual Employer, upon request of any Trust Fund specified in this Agreement, shall permit a Trust Fund Auditor to review any and all records relevant to the enforcement of the provisions of this Agreement pertaining to the Trust Funds." See, Master Agreement, Ex. A and Ex. B at § 7.

11. Section 28A of the Master Agreement provides

> Any Individual Employer who is found to be delinquent as a result of an audit will pay and satisfy such delinquency with accrued interest and in addition pay liquidated damages. All delinquent contributions shall bear simple interest at the rate of one and one-half percent (1.5%) per month until receipt of payment. Subject to accounting verification, liquidated damages shall be assessed on delinquent contributions at a flat rate of one hundred and fifty dollars ($150.00) per month to reflect the internal administrative costs incurred by the trust administrators in monitoring and tracking such late contributions.

Master Agreement, Ex. A and Ex. B at § 28A.

12. The Trust Agreements at Article IV, section 9 of the Health and Welfare Fund, Article VI, section 8 of the Vacation-Holiday Fund, Article IV, section 8 of the Pension Fund, and Article IV, section 8 of the Training Fund, each provide that:

> Upon request in writing from the Board of Trustees, an Individual Employer will permit a Trust Fund Auditor to enter upon the premises of such Individual Employer during business hours, at a reasonable time or times, not less than two (2) working days after such request, and to examine and copy such books, records, papers, or reports of such Individual Employer as may be necessary to determine whether the Individual Employer is making

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

DECLARATION OF JOHN HAGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC       - 4 -
115107/489471

full and prompt payment of all sums required to be paid by him to the Fund.

13. In accordance with the above provisions of the Master Agreement and the Trust Agreements, the Trust Funds demanded an audit of Defendant's records to determine if Defendant made proper reporting to the Trust Funds. Since Defendant refused to comply with the Trust Funds' audit demands, the Trust Funds referred the matter to the Trust Funds' attorneys, Weinberg, Roger & Rosenfeld, and the Trust Funds brought an action for audit, breach of contract, damages, and injunction.

14. The above-mentioned Agreements provide for the payment of reasonable attorneys' fees and costs in connection with this matter due to Defendant's failure to allow the audit pursuant to those Agreements. See, Trust Agreements, Ex. C, Health and Welfare Trust Fund Article IV, § 3; Pension Trust Fund Article IV, § 3; Vacation-Holiday Trust Fund Article III, § 6; and Training and Retraining Trust Fund Article IV, § 3.

15. In light of Defendants' failure to submit to an audit, the Trust Funds have incurred attorney's fees and costs as detailed in the accompanying Declaration of Kristina M. Zinnen.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and if called as a witness I could competently testify thereto.

Executed this 19th day of June, 2008, at Fairfield, California.

JOHN HAGAN

115107/489471

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001

DECLARATION OF JOHN HAGAN IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                - 5 -
115107/489471