1  BARRY E. HINKLE, Bar No. 071223
   CONCEPCIÓN E. LOZANO-BATISTA, Bar No.
2  KRISTINA M. ZINNEN, Bar No. 245346
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501-1091
   Telephone 510.337.1001
5  Fax 510.337.1023

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  THE BOARD OF TRUSTEES, in their          ) No.  C 07-04784 EMC
    capacities as Trustees of the LABORERS   )
12  HEALTH AND WELFARE TRUST FUND            )
    FOR NORTHERN CALIFORNIA;                 )
13  LABORERS VACATION-HOLIDAY TRUST          ) **PLAINTIFFS' MEMORANDUM OF**
    FUND FOR NORTHERN CALIFORNIA;            ) **POINTS AND AUTHORITIES IN**
14  LABORERS PENSION TRUST FUND FOR          ) **SUPPORT OF MOTION FOR**
    NORTHERN CALIFORNIA; and LABORERS        ) **DEFAULT JUDGMENT**
15  TRAINING AND RETRAINING TRUST            )
    FUND FOR NORTHERN CALIFORNIA,            )
16                                           )
                                             ) Date:  August 20, 2008
17              Plaintiffs,                  ) Time:  10:30 a.m.
                                             ) Judge:  Honorable Edward M. Chen
18        v.                                 ) Courtroom:  C, 15th Floor
                                             )
19  CHESTER L. NEAL, Individually and doing  )
    business as C.L. NEAL CONSTRUCTION,      )
20                                           )
                                             )
21              Defendant.                   )
                                             )
22  _____      )

23                I.   __INTRODUCTION__

24        The motion will be brought pursuant to Rule 55(b)(2) of the Federal Rules of Civil

25  Procedure, and will be based on the following grounds set forth herein.  Plaintiffs cannot determine

26  whether Defendant has made prompt and correct payment of all fringe benefit contributions, and as

27  a consequence, Plaintiffs have, with good cause, demanded that Defendant submit to an audit

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC
115107/497290

1  pursuant to the respective collective bargaining agreements and Trust Agreements.

2  Defendant has failed, refused or neglected to allow the audit as requested or inspection of

3  their books, records, papers, or reports in accordance with the provisions of the Trust Agreements.

4  As a result of Defendant's refusal to submit to the audit, Plaintiffs are unable to ascertain the

5  amount of damages, if any, the Defendant has caused the Trust Funds.  Plaintiffs have no adequate

6  remedy at law.  Furthermore, the individual Laborers who are the beneficiaries of the respective

7  Trust Funds, particularly the Defendant's employees, are damaged thereby and also have no

8  adequate remedy at law.

9  Plaintiffs are intended third party beneficiaries of the collective bargaining agreement, but

10 Trust Fund contribution delinquencies are excluded from the arbitration provision of the

11 agreement.  Plaintiffs have complied with all conditions on their part to be performed under the

12 terms of the applicable agreements.

13 The Plaintiffs filed suit for issuance of an injunction to conduct the audit and to obtain an

14 award of the damages owed for delinquent contributions, liquidated damages, and interest for any

15 contributions found due and owing, and attorneys' fees and costs on September 17, 2007.

16 The Defendant did not respond to the complaint; therefore, at the request of the Plaintiffs,

17 default was entered against Defendant on February 21, 2008.  Plaintiffs are entitled to a judgment

18 that includes an injunction regarding the audit, and an order to pay all contributions found due and

19 owing from the audit, plus liquidated damages and interest, and attorneys fees and costs.

20 ## II.  STATEMENT OF RELEVANT FACTS

21 At all times material herein, Plaintiffs were Trustees of the Laborers Health and Welfare

22 Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern

23 California, Laborers Pension Trust Fund for Northern California, and Laborers Training and

24 Retraining Trust Fund for Northern California (hereinafter "Trust Funds").  At all times material

25 herein, each of the above-named Trust Funds was, and now is, an employee benefit plan created by

26 a written Trust Agreement subject to and pursuant to section 302 of the Labor Management

27 Relations Act (hereinafter "LMRA"), 29 U.S.C. § 186, and a multiemployer employee benefit plan

28

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1  within the meaning of sections 3, 4, and 502 of the Employee Retirement Income Security Act of

2  1974 (hereinafter "ERISA"), 29 U.S.C. §§ 1002, 1003, and 1132. The Board of Trustees

3  administers each of the above-named Plaintiff Trust Funds, and may bring this action in the name

4  of the Trust Funds pursuant to the express provisions of the Trust Agreements. Hagan Decl. ¶ 3.

5          At all times material herein, Defendant has been an employer within the meaning of

6  Section 3(5) and Section 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145, and an employer in an

7  industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

8  At all relevant times, Defendant was signatory and bound to a written collective bargaining

9  agreement with the Northern California District Council of Laborers (hereinafter "Union"), a labor

10  organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. Defendant became

11  subject to all the terms and conditions of the Laborers Master Agreement (hereinafter "Master

12  Agreement") by virtue of signing a Memorandum of Agreement (hereinafter "Memorandum

13  Agreement") with the Union, which incorporated by reference the Master Agreement. Hagan

14  Decl. ¶ 4; Master Agreement, Ex. A and Ex. B to Hagan Decl.; Memorandum Agreement, Ex. C to

15  Hagan Decl.

16          By its terms, the Master Agreement binds Defendant to the Trust Agreements establishing

17  each of the Plaintiff Trust Funds. Hagan Decl. ¶ 6; Trust Agreements, Ex. D to Hagan Decl. By

18  signing the Master Agreement and Memorandum Agreement, Defendant agreed to the terms and

19  conditions of these agreements. Defendant specifically promised to contribute and pay to the Trust

20  Funds the hourly amounts required by the collective bargaining agreements for each hour paid for

21  and/or worked by any of its employees who performed any work covered by said agreements, and

22  that it would be subject to and bound by all of the terms, provisions and conditions of the Trust

23  Agreements. Hagan Decl. ¶ 7; Master Agreement, Ex. A and Ex. B to Hagan Decl. at §§ 1B, 28A.

24          The Board of Trustees has, as one of its purposes, the obligation to ensure that

25  contributions required to be made to the Trust Funds pursuant to the Master Agreement are fully

26  and correctly made. The purposes of the respective Trust Funds are to provide health and welfare,

27  vacation, pension and other benefits for Laborers on whose behalf contributions are made, and

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC          - 3 -
115107/497290

1  whose benefits are supported by such contributions, and to ensure that employers who are

2  signatories to the Master Agreement comply with the terms of those agreements with respect to

3  payments of contributions to the Trust Funds.  Hagan Decl. ¶ 8.

4        The Trust Funds rely on employers' self-reporting and conduct audits to ensure the

5  employers' compliance with their contributing obligations.  Performing audits is one way the Trust

6  Funds may determine if the employer is making full and prompt payment of required contributions

7  pursuant to the Master Agreement and Trust Agreements.  Hagan Decl. ¶ 9.

8        Section 7 of the Master Agreement provides  that "Each Individual Employer, upon request

9  of any Trust Fund specified in this Agreement, shall permit a Trust Fund Auditor to review any and

10  all records relevant to the enforcement of the provisions of this Agreement pertaining to the Trust

11  Funds."  Hagan Decl. ¶ 10; Master Agreement, Ex. A and Ex. B to Hagan Decl. at § 7.

12        Section 28A of the Master Agreement provides

13              Any Individual Employer who is found to be delinquent as a result of an
                audit will pay and satisfy such delinquency with accrued interest and in
14              addition pay liquidated damages.  All delinquent contributions shall bear
                simple interest at the rate of one and one-half percent (1.5%) per month until
15              receipt of payment.  Subject to accounting verification, liquidated damages
                shall be assessed on delinquent contributions at a flat rate of one hundred
16              and fifty dollars ($150.00) per month to reflect the internal administrative
                costs incurred by the trust administrators in monitoring and tracking such
17              late contributions.

18  Hagan Decl. ¶ 11; Master Agreement, Ex. A and Ex. B to Hagan Decl. at § 28A.

19        Article IV, section 9, of the Trust Agreement creating the Welfare Fund, Article VI, section

20  8, of the Trust Agreement creating the Vacation-Holiday Fund, Article IV, section 8, of the Trust

21  Agreement creating the Pension Fund, and Article IV, section 8 of the Trust Agreement creating

22  the Training Fund, each provide that:

23              Upon request in writing from the Board of Trustees, an Individual Employer
                will permit a Trust Fund Auditor to enter upon the premises of such
24              Individual Employer during business hours, at a reasonable time or times,
                not less than two (2) working days after such request, and to examine and
25              copy such books, records, papers, or reports of such Individual Employer as
                may be necessary to determine whether the Individual Employer is making
26              full and prompt payment of all sums required to be paid by him to the Fund.

27  Hagan Decl. ¶ 12; Trust Agreements, Ex. D to Hagan Decl.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC          - 4 -
115107/497290

1    In accordance with the above provisions of the Master Agreement and the Trust

2  Agreements, the Trust Funds demanded an audit of Defendant's records to determine if Defendant

3  made proper reporting to the Trust Funds.  Since Defendant refused to comply with the Trust

4  Funds' audit demands, Plaintiffs filed suit on September 17, 2007to obtain an injunction for an

5  audit and to collect any contributions found due and owing from the audit, plus interest and

6  liquidated damages, and attorneys' fees and costs.  Hagan Decl. ¶ 13.

7    Plaintiff Trust Funds served Defendant with the Summons and Complaint by substituted

8  service under California Code of Civil Procedure section 415.20(b) on December 26, 2007, and

9  mailed the Summons and Complaint to Defendant on January 9, 2008, for which service was

10  deemed complete under CCP 415.20(b) on January 19, 2008.  Plaintiff Trust Funds filed the Proof

11  of Service Summons with the Court on January 16, 2008.  Defendant failed to answer or otherwise

12  respond to the Complaint.  Consequently, at the request of the Plaintiffs, the Clerk entered default

13  against Defendant on February 21, 2008.  Zinnen Decl. ¶ 3.

14    The above-mentioned Agreements provide for the payment of reasonable attorneys' fees

15  and costs in connection with this matter due to Defendant's failure to allow the audit pursuant to

16  those Agreements.  Hagan Decl. ¶ 14; Trust Agreements, Ex. D to Hagan Decl. at Health and

17  Welfare Trust Fund Art. IV, § 3; Pension Trust Fund Art. IV, § 3; Vacation-Holiday Trust Fund

18  Art. III, § 6; and Training and Retraining Trust Fund Art. IV, § 3.  In light of Defendants' failure to

19  submit to an audit, the Trust Funds have incurred attorney's fees in the amount of $5,156.25 and

20  costs in the amount of $557.60, for a total of $5,713.85.  Hagan Decl. ¶ 15; Zinnen Decl. ¶¶ 8, 10.

21                          **III.   RELIEF REQUESTED**

22    Plaintiffs respectfully request that the Court enter a default judgment in favor of the

23  Plaintiff Trust Fund against Defendant in which it is ordered that:

24    1.   Defendant shall submit to a full audit by auditors the Plaintiffs will select, at the

25  premises of Defendant, or the premises where its records are kept, during business hours, at a

26  reasonable time or times, and to allow the auditors to examine and copy such books, records,

27  papers, and reports of Defendant relevant to the enforcement of the Collective Bargaining

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                                - 5 -
115107/497290

Agreement or Trust Agreement, including but not limited to the following:

> Individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120 - 1040 or partnership tax returns; general ledger - (portion relating to payroll audit);

2.  Defendant shall forthwith cease its refusal to submit to an audit of its books, records, papers, and reports as the agreements to which they are bound require;

3.  Upon completion of the audit, Defendant shall pay over to Plaintiffs such sums as shall be ascertained to be due from Defendant and interest on those sums;

4.  Defendant shall pay actual damages according to proof;

5.  Defendant is permanently enjoined, for so long as it remains obligated to contribute to Plaintiffs Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as the terms of the collective bargaining agreement, Trust Agreement, and the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") sections 502(a)(3), (g)(2), 29 U.S.C. § 1132(a)(3), (g)(2) require;

6.  Defendant shall pay attorneys' fees and costs in the amount of $5,713.85;

7.  Such further relief as the Court deems just and proper; and

8.  This Court retains jurisdiction of this matter to enforce the Order compelling an audit and payment of all amounts found due and owing.

## IV.   STATEMENT OF THE ISSUES

The Court must decide the following issues:

1.  Must the Court order Defendant to produce the documents necessary for the Plaintiff Trust Funds to complete their audit, since the Trust Agreements require it to submit to the audit?

2.  Has Defendant breached his fiduciary duty to Plaintiffs?

3.  If contributions are found due and owing from the audit, are Plaintiff Trust Funds entitled to interest and liquidated damages on those delinquent contributions?

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC              - 6 -
115107/497290

1        4.        Are Plaintiffs entitled to attorneys' fees and costs related to this matter in the

2    amount of $5,713.85 pursuant to the terms of the Agreements and ERISA?

3    **V.  ARGUMENT**

4    **A.     THE TRUST FUNDS HAVE A RIGHT TO COMPEL THE AUDIT AT ISSUE.**

5        Where a trust agreement, as here, gives Trustees of an employee benefit plan the right to

6    audit an employer's books and records, it will be enforced. Central States Southeast and Southwest

7    Areas Pension Fund v. Central Transport Inc., 472 US 559 (1985) Reh'g denied 473 U.S. 926

8    (1985); Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp, 920 F.2d 1491 (9th Cir.

9    1990), cert. denied, 501 U.S. 1232 (1991).

10       The Trust Agreements governing the Trust Funds provide for an audit of the books and

11   records of signatory employers so that the Funds may determine if the employer is making full and

12   prompt payment of required contributions.  Article IV, section 9, of the Trust Agreement creating

13   the Welfare Fund, Article VI, section 8, of the Trust Agreement creating the Vacation-Holiday

14   Fund, Article IV, section 8, of the Trust Agreement creating the Pension Fund, and Article IV,

15   section 8 of the Trust Agreement creating the Training Fund, each provide that:

16                   Upon request in writing from the Board of Trustees, an Individual Employer

17                   will permit a Trust Fund Auditor to enter upon the premises of such
                Individual Employer during business hours, at a reasonable time or times,

18                   not less than two (2) working days after such request, and to examine and
                copy such books, records, papers, or reports of such Individual Employer as

19                   may be necessary to determine whether the Individual Employer is making
                full and prompt payment of all sums required to be paid by him to the Fund.

20   Hagan Decl. ¶ 12; Trust Agreements, Ex. D to Hagan Decl.

21       Unless this Court enjoins Defendant, the Defendant will continue to fail, neglect, or refuse

22   to submit to an audit of books and records by the Trust Funds and thereby cause Plaintiffs

23   irreparable harm for which there exists no adequate remedy at law.

24   **B.     DEFENDANT HAS BREACHED HIS FIDUCIARY DUTY TO PLAINTIFFS BY
        REFUSING TO ALLOW A FULL AUDIT.**

25

26       Pursuant to the written agreements establishing the Laborers Trust Funds, Defendant has

27   failed, neglected, or refused to allow Plaintiffs access to the records requested and needed to

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC    - 7 -
115107/497290

1  determine the exact amount of fringe benefit contributions owed to the Trust Funds.  Hagan Decl. ¶

2  13.  Defendant's neglect or refusal pursuant to the terms of the above-mentioned agreements

3  constitutes a violation of ERISA section 515, 29 U.S.C. § 1145.  Section 515 provides that:

> Every employer who is obligated to make contributions to a multi-employer
> plan under the terms of the plan or under the terms of a collectively
> bargained agreement shall, to the extent not inconsistent with the law, make
> such contributions in accordance with the terms and conditions of such plan
> or such agreement.

Defendant, in agreeing to the terms and conditions of the aforementioned Trust

Agreements, assumed a fiduciary duty to Plaintiffs, which required Defendant to submit timely and

accurate reports of hours worked or amounts due, together with payments to the Trust Funds.

Defendant exercised control over any contributions due, which are assets of the Trust Funds, and

Defendant was a fiduciary as defined by ERISA section 3(21), 29 U.S.C. § 1002(21).

Thus, the actions of Defendant complained of herein constitute a violation of fiduciary

duties as defined by ERISA, 29 U.S.C. §§ 1001, et seq.  Unless this Court enjoins Defendant, the

Defendant will continue to fail, neglect, or refuse to remit appropriate fringe benefit contributions

to the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate

remedy at law.

**C.    IF THE AUDIT REVEALS THAT CONTRIBUTIONS ARE DUE AND OWING, DEFENDANT WILL BE LIABLE FOR LIQUIDATED DAMAGES AND INTEREST UNDER ERISA § 515 AND THE TRUST AGREEMENTS.**

Plaintiffs are entitled any unpaid contributions found due and owing from the audit.

Additionally, Plaintiffs are entitled to interest, liquidated damages, expenses incurred in connection

with delinquencies, reasonable attorney's fees and costs of the action pursuant to the Trust

Agreements and ERISA.  Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132(g)(2) provides:

> In any action under this title by a fiduciary for or on behalf of a plan to
> enforce §515 in which a judgment in favor of the plan is awarded, *the court
> shall award the plan* –
>
> (A)   the unpaid contributions,
>
> (B)   interest on the unpaid contributions,
>
> (C)   an amount equal to the greater of

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                - 8 -
115107/497290

1                 (i)     interest on the unpaid contributions, or

2                 (ii)    liquidated damages provided for under the plan in an amount not
                      in excess of 20 percent […]

3

4        (D)   reasonable attorney's fees and costs of the action, to be paid by the
              defendant, and

5        (E)   such other legal or equitable relief as the court deems appropriate.

6 (emphasis added).

7       Furthermore, where a trust agreement, as here, requires contributions on behalf of

8 employees who performed covered work, it will be enforced.  See Agthos v. Starlite Motel, 977

9 F.2d 1500 (3rd Cir. 1992); Benson v. Bowers Moving & Storage, Inc. 907 F.2d 310 (2nd Cir.

10 1990).  Determinations of the amounts due under the collective bargaining agreement requiring

11 payments to third party beneficiary Trust Fund will be construed in favor of the funds. See Irwinn

12 v. Carpenters Health and Welfare Trust Fund for California, 745 F.2d 553, 555-557 (9th Cir.

13 1984);  Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333 (9th Cir.

14 1988.  With respect to liquidated damages owed under collective bargaining agreements, under

15 federal common law, liquidated damages provisions, such as the one at hand, are enforceable and

16 not void as a penalty. Idaho Plumbers v. United Mechanical Contractors, 875 F.2d 212, 216 (9th

17 Cir. 1989); United States v. Carter, 353 U.S. 210 (1957).

18       Pursuant to the written agreements establishing the Laborers Trust Funds, Defendant agreed

19 to pay contributions to the Trust Funds for every hour of covered work performed by their

20 employees, as well as liquidated damages, interest, attorneys' fees, and related costs in the event

21 such contributions were not timely paid.  Hagan Decl. ¶¶ 7, 11, 14; Master Agreement, Ex. A and

22 Ex. B to Hagan Decl. at § 28A; Trust Agreements, Ex. D to Hagan Decl. at Health and Welfare

23 Trust Fund Art. IV, § 3; Pension Trust Fund Art. IV, § 3; Vacation-Holiday Trust Fund Art. III, §

24 6; and Training and Retraining Trust Fund Art. IV, § 3.

25 **D.**      **PLAINTIFFS ARE ENTITLED TO THEIR ATTORNEYS' FEES AND COSTS.**

26       The Trust Funds are entitled to a mandatory award of attorneys' fees under Section

27 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).  Furthermore, because courts generally award

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC     - 9 -
115107/497290

1   attorneys' fees based on such contractual authorization, Defendant should be liable for the

2   reasonable cost of attorneys' fees and costs the Trust Funds incurred in seeking to enforce its right

3   to an audit.  See,  Kemner v. District Council of Painting and Allied Trades No. 36, 768 F.2d 1115,

4   1120 (9th Cir. 1985).  The Trust Agreements also provide for reasonable attorneys' fees, court

5   costs, and all other expenses incurred in enforcing the Agreements.  Hagan Decl. ¶ 14; Trust

6   Agreements, Ex. D to Hagan Decl. at  Health and Welfare Trust Fund Art. IV, § 3; Pension Trust

7   Fund Art. IV, § 3; Vacation-Holiday Trust Fund Art. III, § 6; and Training and Retraining Trust

8   Fund Art. IV, § 3.

9       The total amount of attorneys' fees and costs billed to date is $5,713.85 The amount of

10  attorneys' fee will increase for time spent on any additional filings related to this Motion, including

11  counsel's appearance at the hearing.  Zinnen Decl. ¶¶ 8, 10.

12                          **VI.   CONCLUSION**

13      For the above-stated reasons, the Court must enter judgment in favor of the Trust Fund.

14  Dated:  June 24, 2008

15                          WEINBERG, ROGER & ROSENFELD
                            A Professional Corporation
16

17                          By:  _____/s/_____
                                 KRISTINA M. ZINNEN
18                               Attorneys for Plaintiffs

19

20  115107/497290

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                    - 10 -
115107/497290