1  BARRY E. HINKLE, Bar No. 071223
   CONCEPCIÓN E. LOZANO-BATISTA, Bar No.
2  KRISTINA M. ZINNEN, Bar No. 245346
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501-1091
   Telephone 510.337.1001
5  Fax 510.337.1023

6  Attorneys for Plaintiffs

7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  THE BOARD OF TRUSTEES, in their          ) No.  C 07-04784 EMC
    capacities as Trustees of the LABORERS   )
12  HEALTH AND WELFARE TRUST FUND            )
    FOR NORTHERN CALIFORNIA;                 )
13  LABORERS VACATION-HOLIDAY TRUST          ) **PLAINTIFFS' MOTION FOR**
    FUND FOR NORTHERN CALIFORNIA;            ) **DEFAULT JUDGMENT**
14  LABORERS PENSION TRUST FUND FOR          )
    NORTHERN CALIFORNIA; and LABORERS        )
15  TRAINING AND RETRAINING TRUST            )
    FUND FOR NORTHERN CALIFORNIA,            ) Date:  August 20, 2008
16                                           ) Time:  10:30 a.m.
                                             ) Judge:  Honorable Edward M. Chen
17            Plaintiffs,                     ) Courtroom:  C, 15th Floor
                                             )
18       v.                                  )
                                             )
19  CHESTER L. NEAL, Individually and doing  )
    business as C.L. NEAL CONSTRUCTION,      )
20                                           )
                                             )
21            Defendant.                      )
                                             )
22  _____)

23       Plaintiffs, THE BOARD OF TRUSTEES, in their capacities as Trustees of the

24  LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA;

25  LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA;

26  LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS

27  TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA (hereinafter

28

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC
115107/497290

1    "Plaintiffs") submit the following Motion For Default Judgment against Defendant CHESTER L.

2    NEAL, Individually and doing business as C.L. NEAL CONSTRUCTION, (hereinafter

3    "Defendant").

4                        **I.    NOTICE OF MOTION AND MOTION**

5            TO THE DEFENDANT:

6            PLEASE TAKE NOTICE that on August 20, 2008 at 10:30 a.m. in the courtroom of the

7    Honorable Magistrate Judge Edward M. Chen of the United States District Court for the Northern

8    District of California, located at 450 Golden Gate Avenue, Courtroom C, 15th Floor, San

9    Francisco, California, the Plaintiffs by and through their undersigned counsel, will move, and

10   hereby do move, the Court to order that a default judgment in their favor and against Defendant be

11   entered in this action, to compel Defendant to forthwith submit to an audit of his books, records,

12   papers and reports as required by the Agreements to which he is bound.  The motion will be

13   brought pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure (F.R.C.P.), and will be

14   based on the following grounds.  The Clerk entered default against the Defendant on February 21,

15   2008, who were timely served with the complaint, whose service was deemed complete on January

16   19, 2008, but failed to answer the complaint.  Plaintiff Trust Funds are therefore entitled to entry of

17   default judgment against the Defendant under F.R.C.P. 55(b)(2) by the Court.  This Notice and

18   Motion are supported by the Memorandum Points and Authorities contained herein,  and the

19   Declaration of John Hagan and exhibits thereto, Declaration of Kristina Zinnen, and a proposed

20   form of judgment, all of which are filed concurrently herewith.

21                        **II.    RELIEF REQUESTED**

22           Plaintiffs respectfully request that the Court enter a default judgment in favor of the

23   Plaintiffs against Defendant in which it is ordered that:

24           1.    Defendant shall submit to a full audit by auditors the Plaintiffs will select, at the

25   premises of Defendant, or the premises where its records are kept, during business hours, at a

26   reasonable time or times, and to allow the auditors to examine and copy such books, records,

27   papers, and reports of Defendant relevant to the enforcement of the Collective Bargaining

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                          - 2 -
115107/497290

1  Agreement or Trust Agreement, including but not limited to the following:

2  
3  
4  Individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120 - 1040 or partnership tax returns; general ledger - (portion relating to payroll audit);

5  
6  2.  Defendant shall forthwith cease its refusal to submit to an audit of its books, records, papers, and reports as the agreements to which they are bound require;

7  
8  3.  Upon completion of the audit, Defendant shall pay over to Plaintiffs such sums as shall be ascertained to be due from Defendant and interest on those sums;

9  
10  4.  Defendant shall pay actual damages according to proof;

11  5.  Defendant is permanently enjoined, for so long as it remains obligated to contribute to Plaintiffs Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as the terms of the collective bargaining agreement, Trust Agreement, and the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") sections 502(a)(3), (g)(2), 29 U.S.C. § 1132(a)(3), (g)(2) require;

12  
13  
14  
15  6.  Defendant shall pay attorneys' fees and costs in the amount of $5,713.85;

16  7.  Such further relief as the Court deems just and proper; and

17  8.  This Court retains jurisdiction of this matter to enforce the Order compelling an audit and payment of all amounts found due and owing.

18  

### III.  MEMORANDUM OF POINTS AND AUTHORITIES

The motion will be brought pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and will be based on the following grounds set forth herein.  Plaintiffs cannot determine whether Defendant has made prompt and correct payment of all fringe benefit contributions, and as a consequence, Plaintiffs have, with good cause, demanded that Defendant submit to an audit pursuant to the respective collective bargaining agreements and Trust Agreements.

Defendant has failed, refused or neglected to allow the audit as requested or inspection of their books, records, papers, or reports in accordance with the provisions of the Trust Agreements.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC          - 3 -
115107/497290

1 | As a result of Defendant's refusal to submit to the audit, Plaintiffs are unable to ascertain the

2 | amount of damages, if any, the Defendant has caused the Trust Funds.  Plaintiffs have no adequate

3 | remedy at law.  Furthermore, the individual Laborers who are the beneficiaries of the respective

4 | Trust Funds, particularly the Defendant's employees, are damaged thereby and also have no

5 | adequate remedy at law.

6 | Plaintiffs are intended third party beneficiaries of the collective bargaining agreement, but

7 | Trust Fund contribution delinquencies are excluded from the arbitration provision of the

8 | agreement.  Plaintiffs have complied with all conditions on their part to be performed under the

9 | terms of the applicable agreements.

10 | The Plaintiffs filed suit for issuance of an injunction to conduct the audit and to obtain an

11 | award of the damages owed for delinquent contributions, liquidated damages, and interest for any

12 | contributions found due and owing, and attorneys' fees and costs on September 17, 2007.

13 | The Defendant did not respond to the complaint; therefore, at the request of the Plaintiffs,

14 | default was entered against Defendant on February 21, 2008.  Plaintiffs are entitled to a judgment

15 | that includes an injunction regarding the audit, and an order to pay all contributions found due and

16 | owing from the audit, plus liquidated damages and interest, and attorneys fees and costs.

17 | **A.    STATEMENT OF THE ISSUES**

18 | The Court must decide the following issues:

19 | 1.    Must the Court order Defendant to produce the documents necessary for the

20 | Plaintiff Trust Funds to complete their audit, since the Trust Agreements require it to submit to the

21 | audit?

22 | 2.    Has Defendant breached his fiduciary duty to Plaintiffs?

23 | 3.    If contributions are found due and owing from the audit, are Plaintiff Trust Funds

24 | entitled to interest and liquidated damages on those delinquent contributions?

25 | 4.    Are Plaintiffs entitled to attorneys' fees and costs related to this matter in the

26 | amount of $5,713.85 pursuant to the terms of the Agreements and ERISA?

27 |

28 |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                    - 4 -
115107/497290

1    **B.    STATEMENT OF RELEVANT FACTS**

2    At all times material herein, Plaintiffs were Trustees of the Laborers Health and Welfare

3    Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern

4    California, Laborers Pension Trust Fund for Northern California, and Laborers Training and

5    Retraining Trust Fund for Northern California (hereinafter "Trust Funds").  At all times material

6    herein, each of the above-named Trust Funds was, and now is, an employee benefit plan created by

7    a written Trust Agreement subject to and pursuant to section 302 of the Labor Management

8    Relations Act (hereinafter "LMRA"), 29 U.S.C. § 186, and a multiemployer employee benefit plan

9    within the meaning of sections 3, 4, and 502 of the Employee Retirement Income Security Act of

10    1974 (hereinafter "ERISA"), 29 U.S.C. §§ 1002, 1003, and 1132.  The Board of Trustees

11    administers each of the above-named Plaintiff Trust Funds, and may bring this action in the name

12    of the Trust Funds pursuant to the express provisions of the Trust Agreements.  Hagan Decl. ¶ 3.

13    At all times material herein, Defendant has been an employer within the meaning of

14    Section 3(5) and Section 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145, and an employer in an

15    industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185.

16    At all relevant times, Defendant was signatory and bound to a written collective bargaining

17    agreement with the Northern California District Council of Laborers (hereinafter "Union"), a labor

18    organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185.  Defendant became

19    subject to all the terms and conditions of the Laborers Master Agreement (hereinafter "Master

20    Agreement") by virtue of signing a Memorandum of Agreement (hereinafter "Memorandum

21    Agreement") with the Union, which incorporated by reference the Master Agreement.  Hagan

22    Decl. ¶ 4; Master Agreement, Ex. A and Ex. B to Hagan Decl.; Memorandum Agreement, Ex. C to

23    Hagan Decl.

24    By its terms, the Master Agreement binds Defendant to the Trust Agreements establishing

25    each of the Plaintiff Trust Funds.  Hagan Decl. ¶ 6; Trust Agreements, Ex. D to Hagan Decl.  By

26    signing the Master Agreement and Memorandum Agreement, Defendant agreed to the terms and

27    conditions of these agreements.  Defendant specifically promised to contribute and pay to the Trust

28

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                     - 5 -
115107/497290

1  Funds the hourly amounts required by the collective bargaining agreements for each hour paid for

2  and/or worked by any of its employees who performed any work covered by said agreements, and

3  that it would be subject to and bound by all of the terms, provisions and conditions of the Trust

4  Agreements.  Hagan Decl. ¶ 7; Master Agreement, Ex. A and Ex. B to Hagan Decl. at §§ 1B, 28A.

5           The Board of Trustees has, as one of its purposes, the obligation to ensure that

6  contributions required to be made to the Trust Funds pursuant to the Master Agreement are fully

7  and correctly made.  The purposes of the respective Trust Funds are to provide health and welfare,

8  vacation, pension and other benefits for Laborers on whose behalf contributions are made, and

9  whose benefits are supported by such contributions, and to ensure that employers who are

10  signatories to the Master Agreement comply with the terms of those agreements with respect to

11  payments of contributions to the Trust Funds.  Hagan Decl. ¶ 8.

12          The Trust Funds rely on employers' self-reporting and conduct audits to ensure the

13  employers' compliance with their contributing obligations.  Performing audits is one way the Trust

14  Funds may determine if the employer is making full and prompt payment of required contributions

15  pursuant to the Master Agreement and Trust Agreements.  Hagan Decl. ¶ 9.

16          Section 7 of the Master Agreement provides  that "Each Individual Employer, upon request

17  of any Trust Fund specified in this Agreement, shall permit a Trust Fund Auditor to review any and

18  all records relevant to the enforcement of the provisions of this Agreement pertaining to the Trust

19  Funds."  Hagan Decl. ¶ 10; Master Agreement, Ex. A and Ex. B to Hagan Decl. at § 7.

20          Section 28A of the Master Agreement provides

21               Any Individual Employer who is found to be delinquent as a result of an
                 audit will pay and satisfy such delinquency with accrued interest and in
22               addition pay liquidated damages.  All delinquent contributions shall bear
                 simple interest at the rate of one and one-half percent (1.5%) per month until
23               receipt of payment.  Subject to accounting verification, liquidated damages
                 shall be assessed on delinquent contributions at a flat rate of one hundred
24               and fifty dollars ($150.00) per month to reflect the internal administrative
                 costs incurred by the trust administrators in monitoring and tracking such
25               late contributions.

26  Hagan Decl. ¶ 11; Master Agreement, Ex. A and Ex. B to Hagan Decl. at § 28A.

27          Article IV, section 9, of the Trust Agreement creating the Welfare Fund, Article VI, section

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                    - 6 -
115107/497290

1    8, of the Trust Agreement creating the Vacation-Holiday Fund, Article IV, section 8, of the Trust

2    Agreement creating the Pension Fund, and Article IV, section 8 of the Trust Agreement creating

3    the Training Fund, each provide that:

4    > Upon request in writing from the Board of Trustees, an Individual Employer
     > will permit a Trust Fund Auditor to enter upon the premises of such

5    > Individual Employer during business hours, at a reasonable time or times,
     > not less than two (2) working days after such request, and to examine and

6    > copy such books, records, papers, or reports of such Individual Employer as
     > may be necessary to determine whether the Individual Employer is making

7    > full and prompt payment of all sums required to be paid by him to the Fund.

8    Hagan Decl. ¶ 12; Trust Agreements, Ex. D to Hagan Decl.

9    In accordance with the above provisions of the Master Agreement and the Trust

10   Agreements, the Trust Funds demanded an audit of Defendant's records to determine if Defendant

11   made proper reporting to the Trust Funds.  Since Defendant refused to comply with the Trust

12   Funds' audit demands, Plaintiffs filed suit on September 17, 2007to obtain an injunction for an

13   audit and to collect any contributions found due and owing from the audit, plus interest and

14   liquidated damages, and attorneys' fees and costs.  Hagan Decl. ¶ 13.

15   Plaintiff Trust Funds served Defendant with the Summons and Complaint by substituted

16   service under California Code of Civil Procedure section 415.20(b) on December 26, 2007, and

17   mailed the Summons and Complaint to Defendant on January 9, 2008, for which service was

18   deemed complete under CCP 415.20(b) on January 19, 2008.  Plaintiff Trust Funds filed the Proof

19   of Service Summons with the Court on January 16, 2008.  Defendant failed to answer or otherwise

20   respond to the Complaint.  Consequently, at the request of the Plaintiffs, the Clerk entered default

21   against Defendant on February 21, 2008.  Zinnen Decl. ¶ 3.

22   The above-mentioned Agreements provide for the payment of reasonable attorneys' fees

23   and costs in connection with this matter due to Defendant's failure to allow the audit pursuant to

24   those Agreements.  Hagan Decl. ¶ 14; Trust Agreements, Ex. D to Hagan Decl. at Health and

25   Welfare Trust Fund Art. IV, § 3; Pension Trust Fund Art. IV, § 3; Vacation-Holiday Trust Fund

26   Art. III, § 6; and Training and Retraining Trust Fund Art. IV, § 3.  In light of Defendants' failure to

27   submit to an audit, the Trust Funds have incurred attorney's fees in the amount of $5,156.25 and

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                    - 7 -
115107/497290

1  costs in the amount of $557.60, for a total of $5,713.85.  Hagan Decl. ¶ 15; Zinnen Decl. ¶¶ 8, 10.

2  **C.     ARGUMENT**

3       The Court entered default against the Defendant on February 21, 2008 for failure to answer

4  or otherwise respond to the complaint on file in this action.  For the reasons set forth below,

5  Plaintiffs are entitled to the relief sought herein.

6       **1.     The Trust Funds Have A Right To Compel The Audit At Issue.**

7       Where a trust agreement, as here, gives Trustees of an employee benefit plan the right to

8  audit an employer's books and records, it will be enforced. Central States Southeast and Southwest

9  Areas Pension Fund v. Central Transport Inc., 472 US 559 (1985) Reh'g denied 473 U.S. 926

10  (1985); Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp, 920 F.2d 1491 (9th Cir.

11  1990), cert. denied, 501 U.S. 1232 (1991).

12       The Trust Agreements governing the Trust Funds provide for an audit of the books and

13  records of signatory employers so that the Funds may determine if the employer is making full and

14  prompt payment of required contributions.  Article IV, section 9, of the Trust Agreement creating

15  the Welfare Fund, Article VI, section 8, of the Trust Agreement creating the Vacation-Holiday

16  Fund, Article IV, section 8, of the Trust Agreement creating the Pension Fund, and Article IV,

17  section 8 of the Trust Agreement creating the Training Fund, each provide that:

18  
19  
20  
21  
> Upon request in writing from the Board of Trustees, an Individual Employer
> will permit a Trust Fund Auditor to enter upon the premises of such
> Individual Employer during business hours, at a reasonable time or times,
> not less than two (2) working days after such request, and to examine and
> copy such books, records, papers, or reports of such Individual Employer as
> may be necessary to determine whether the Individual Employer is making
> full and prompt payment of all sums required to be paid by him to the Fund.

22  Hagan Decl. ¶ 12; Trust Agreements, Ex. D to Hagan Decl.

23       Unless this Court enjoins Defendant, the Defendant will continue to fail, neglect, or refuse

24  to submit to an audit of books and records by the Trust Funds and thereby cause Plaintiffs

25  irreparable harm for which there exists no adequate remedy at law.

26  
27  
28  

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                    - 8 -
115107/497290

**2.      Defendant Has Breached His Fiduciary Duty to Plaintiffs By Refusing to Allow a Full Audit.**

Pursuant to the written agreements establishing the Laborers Trust Funds, Defendant has failed, neglected, or refused to allow Plaintiffs access to the records requested and needed to determine the exact amount of fringe benefit contributions owed to the Trust Funds.  Hagan Decl. ¶ 13.  Defendant's neglect or refusal pursuant to the terms of the above-mentioned agreements constitutes a violation of ERISA section 515, 29 U.S.C. § 1145.  Section 515 provides that:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

Defendant, in agreeing to the terms and conditions of the aforementioned Trust Agreements, assumed a fiduciary duty to Plaintiffs, which required Defendant to submit timely and accurate reports of hours worked or amounts due, together with payments to the Trust Funds. Defendant exercised control over any contributions due, which are assets of the Trust Funds, and Defendant was a fiduciary as defined by ERISA section 3(21), 29 U.S.C. § 1002(21).

Thus, the actions of Defendant complained of herein constitute a violation of fiduciary duties as defined by ERISA, 29 U.S.C. §§ 1001, et seq.  Unless this Court enjoins Defendant, the Defendant will continue to fail, neglect, or refuse to remit appropriate fringe benefit contributions to the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

**3.      If the Audit Reveals That Contributions Are Due and Owing, Defendant Will Be Liable for Liquidated Damages and Interest Under ERISA § 515 and the Trust Agreements.**

Plaintiffs are entitled any unpaid contributions found due and owing from the audit. Additionally, Plaintiffs are entitled to interest, liquidated damages, expenses incurred in connection with delinquencies, reasonable attorney's fees and costs of the action pursuant to the Trust Agreements and ERISA.  Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132(g)(2) provides:

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                          - 9 -
115107/497290

1    In any action under this title by a fiduciary for or on behalf of a plan to
enforce §515 in which a judgment in favor of the plan is awarded, *the court*
2    *shall award the plan* –

3    (A)    the unpaid contributions,

4    (B)    interest on the unpaid contributions,

5    (C)    an amount equal to the greater of

6            (i)     interest on the unpaid contributions, or

7            (ii)    liquidated damages provided for under the plan in an amount not
                     in excess of 20 percent […]
8
     (D)    reasonable attorney's fees and costs of the action, to be paid by the
9            defendant, and

10   (E)    such other legal or equitable relief as the court deems appropriate.

11   (emphasis added).

12         Furthermore, where a trust agreement, as here, requires contributions on behalf of

13   employees who performed covered work, it will be enforced.  See Agthos v. Starlite Motel, 977

14   F.2d 1500 (3rd Cir. 1992); Benson v. Bowers Moving & Storage, Inc. 907 F.2d 310 (2nd Cir.

15   1990).  Determinations of the amounts due under the collective bargaining agreement requiring

16   payments to third party beneficiary Trust Fund will be construed in favor of the funds. See Irwinn

17   v. Carpenters Health and Welfare Trust Fund for California, 745 F.2d 553, 555-557 (9th Cir.

18   1984);  Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333 (9th Cir.

19   1988).  With respect to liquidated damages owed under collective bargaining agreements, under

20   federal common law, liquidated damages provisions, such as the one at hand, are enforceable and

21   not void as a penalty. Idaho Plumbers v. United Mechanical Contractors, 875 F.2d 212, 216 (9th

22   Cir. 1989); United States v. Carter, 353 U.S. 210 (1957).

23         Pursuant to the written agreements establishing the Laborers Trust Funds, Defendant agreed

24   to pay contributions to the Trust Funds for every hour of covered work performed by their

25   employees, as well as liquidated damages, interest, attorneys' fees, and related costs in the event

26   such contributions were not timely paid.  Hagan Decl. ¶¶ 7, 11, 14; Master Agreement, Ex. A and

27   Ex. B to Hagan Decl. at § 28A; Trust Agreements, Ex. D to Hagan Decl. at Health and Welfare

28

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                    - 10 -
115107/497290

1  Trust Fund Art. IV, § 3; Pension Trust Fund Art. IV, § 3; Vacation-Holiday Trust Fund Art. III, §

2  6; and Training and Retraining Trust Fund Art. IV, § 3.

3  **4.    Plaintiffs Are Entitled to Their Attorneys' Fees and Costs.**

4  The Trust Funds are entitled to a mandatory award of attorneys' fees under Section

5  502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).  Furthermore, because courts generally award

6  attorneys' fees based on such contractual authorization, Defendant should be liable for the

7  reasonable cost of attorneys' fees and costs the Trust Funds incurred in seeking to enforce its right

8  to an audit.  See,  Kemner v. District Council of Painting and Allied Trades No. 36, 768 F.2d 1115,

9  1120 (9th Cir. 1985).  The Trust Agreements also provide for reasonable attorneys' fees, court

10  costs, and all other expenses incurred in enforcing the Agreements.  Hagan Decl. ¶ 14; Trust

11  Agreements, Ex. D to Hagan Decl. at  Health and Welfare Trust Fund Art. IV, § 3; Pension Trust

12  Fund Art. IV, § 3; Vacation-Holiday Trust Fund Art. III, § 6; and Training and Retraining Trust

13  Fund Art. IV, § 3.

14  The total amount of attorneys' fees and costs billed to date is $5,713.85 The amount of

15  attorneys' fee will increase for time spent on any additional filings related to this Motion, including

16  counsel's appearance at the hearing.  Zinnen Decl. ¶¶ 8, 10.

17  **D.    CONCLUSION**

18  For the above-stated reasons, the Court must enter judgment in favor of the Trust Fund.

19  Dated:  June 26, 2008

20  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation

21

22  By:    _____/s/_____

23  KRISTINA M. ZINNEN
   Attorneys for Plaintiffs

24

25  115107/498103

26

27

28

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT
Case No. C 07-04784 EMC                - 11 -
115107/497290